## ANON.

The retainer of an attorney at a distance from the residence of the defend-
ant and of the plaintiff's attorney to put in a plea, when it is manifestly
done for the purpose of disabling the plaintiff's attorney from noticing
the cause for trial at the circuit immediately after the joining of the issue,
is a fraud upon the practice of the court, and a *default* entered *as for not
pleading*, will be sustained as regular, notwithstanding a plea is served
previous to the expiration of the time to plead.

*S. Stevens,* for the defendant, moved to set aside a *de-
fault* entered as for not pleading, after the plaintiff's attor-
neys had received a plea of the general issue. The action
was on a promissory note, and on the day the rule for plead-
ing expired, the plea was served on the *agent* of the plain-
tiff's attorneys. The defendant is an attorney of this court
residing in the same village with the plaintiff's attorneys in
the county of *Saratoga.* The plea served was in the *hand-
writing* of the defendant, but had the name of an attorney
subscribed to it residing at Ogdensburgh, in the county of
*St. Lawrence.* When the plea was served, there was not
sufficient time for good service of notice of trial on the
*agent* of the defendant's attorney for the next circuit to be
holden in the county where the venue was laid, and there
was a failure to serve notice of trial on the defendant *per-
sonally,* although it was attempted to be done. Under these
circumstances, the plaintiff's attorneys entered the defend-
ant's default *as for not pleading.* The defendant stated
business engagements at Albany as an excuse for retaining
an attorney, and swore to merits.

*W. A. Beach,* contra, read affidavits, showing that had
the defendant pleaded *in person,* or by an attorney residing
in *Saratoga,* or in any of the adjoining counties, due notice
of trial might have been given.

*By the Court,* COWEN, J. I have uniformly refused to
set aside defaults for irregularity, taken under circumstances
like these. Where the retainer and course of proceeding
on the part of the defendant have been out of the ordinary

Anon.

and natural course of business, and have been obviously intended to work extraordinary delay, the plaintiff's attorney may treat the retainer as a nullity, as he may the service of a plea interposed in furtherance of the original purpose, and calculated to effect it. He to be sure acts at the peril of being able to show a clear case. Such I think the one before me. No reason is assigned for retaining an attorney at Ogdensburgh, when there were many near the defendant's residence, the defendant himself being an attorney ; nor can any reason be imagined except that of delay. I know, it is said, in these cases, that a man has a right to retain as his attorney whom he pleases. That is true. So a man may assign his property to whom he pleases ; but if it appear satisfactorily that he did so with a view to hinder or delay creditors, the act is fraudulent and void in respect to creditors, both at common law and by statute. A man has a right to interpose any defence by way of special plea ; but if the plea be false or frivolous, we strike it out as working a fraudulent delay. A man had a right to invite his neighbor of another state to come over the line, but on finding that he induced him to come over under a false pretence, with a view to arrest him, we set aside the proceeding as fraudulent. Acts, though valid in the abstract, are, almost without exception, treated by the law as nullities, when done in fraud of third persons. Even judgments and decrees obtained with that view are often avoided. They may be disregarded by creditors as utterly void. The principle extends to every transaction as well in the course of legal business as any other, unless it be some judicial act between the parties to a cause, or their privies, as a judgment or order.

In the case at bar, however, there is an affidavit of merits ; and the default may be set aside on terms which will prevent the delay which was evidently contemplated. These are payment of the costs of the default and this motion, and consenting to refer the cause to the judge of the fourth circuit, if the plaintiff shall elect that it be so referred.

Rule accordingly.