Starr v. Francis.

## STARR *vs.* FRANCIS and others.

An *order to stay proceedings* granted to enable a defendant to move for change of venue cannot be disregarded by the plaintiffs, although its effect be to throw the cause over both circuits—the circuit in the county where the venue is laid, and in the county to which it is proposed to be changed. The remedy of the plaintiff in such case is to obtain a *revocatur* of the order.

*M. T. Reynolds,* for the defendants, moved to set aside the inquest taken in this cause at the last Oneida circuit, and to change the venue from the county of Oneida to the county of Jefferson. The declaration was in assumpsit, and was served 11th March last. On the 30th, one of the defendants retained an attorney, who pleaded for all. Issue was joined on a special plea on the *second* day of April, and on the same day the cause was noticed for trial for the Oneida circuit, appointed to be held on the *third Monday* of April. On the *third* day of April, the defendants' attorney having had papers prepared for changing the venue to the county of Jefferson, served them on the plaintiff's attorney, with a commissioner's order staying proceedings, with a view to move at the present term. The affidavits on which the order was obtained, and which were sworn to on the first and third, omitted to state any excuse for not moving at the last April special term, nor did they show that the defendants

had used due diligence, &c. as required by rule 94. The Jefferson circuit was appointed for the *fifteenth* day of *June,* The effect of the order being to throw the cause over both circuits, the plaintiff's attorney disregarded it as fraudule nt and took an inquest in Oneida.

*S. Stevens,* contra, resisted both motions. He said the order having been obtained without a compliance with the terms of the 94th rule was void ; or, if not void for that reason, it should be considered so, because the course of the defendants was evidently intended to throw the cause over the circuits.

He opposed the motion to change the venue, even if the inquest should be set aside, inasmuch as a trial had been lost by the course taken ; and no excuse was offered for the delay to apply at the April special term.

*Reynolds,* in reply, said he would not deny that the course of a defendant in obtaining such an order might, in connection with other circumstances, so clearly betray an intent to work a fraudulent delay, that the court might feel authorized to treat it as void, and sanction a proceeding like that adopted by the plaintiff; but he denied that, on the case as it now stood, any inference of fraud could be raised. The only thing that could be seriously imputed was the accidental omission to prepare the very first opportunity, or to excuse the neglect in the papers presented—a formula required by a recent rule that both the attorney and the commissioner had overlooked.

*By the Court,* COWEN, J. I have inquired of my brother Bronson, who does not remember having ever holden (as was suggested on the argument of this motion) that an order to stay has been treated by him as a nullity, merely because the affidavit on which it was founded failed to conform to the requisites demanded by the ninety-fourth rule, in respect to delay. He agrees with me, that such an order though erroneous, must be respected until revoked, as it doubtless would have been by the commission on show-

ing him the papers, and calling his attention to the defect. Such should be the practice whenever an order is improvidently made—a common thing ; for orders are generally obtained *ex parte,* and often hastily at the last moment. For one, I am not prepared to say that even if obtained by the fraud of the party, an order can be treated as a nullity ; certain it cannot on account of mere irregularity. It is a judicial act done in the course of the cause, open to a rehearing and an appeal to this court ; and I am not aware of any case in which such an act has been holden void even for fraud. The case of judicial acts avoided on that ground, relate to collusive proceedings between third persons : for instance, judgments to defraud creditors and the like. The case is altogether different from a delay sought to be worked by the trick of the party himself, or his attorney, like the fraudulent retainer of a distant attorney, at the close of the time for pleading, and on the verge of the time at which the cause might otherwise be noticed for trial.

The motion to set aside the inquest is, therefore, granted.

The motion to change the venue is denied. The affidavits furnish no excuse for delay to move at the April term, by which the plaintiff has lost both circuits.

Ordinarily, costs of making the first and opposing the second motion would follow ; but as each will probably be about equal, no costs are given either way.